Alfred Clayton, Jr.
CLAYTON & DIEMER, LLC
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: al.clayton@cdlaw.pro

Robert L. Sallander, Jr.
Greenan, Peffer, Sallander& Lally LLP
6111 Bollinger Canyon Road, Suite 500
San Ramon, CA 94583
Telephone: (925) 866-1000
Facsimile: (925) 830-8787
E-mail: rsallander@gpsllp.com

Lawyers for Plaintiff
Security Alarm Financing Enterprises, L.P.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| SECURITY ALARM FINANCING ENTERPRISES, L.P., a California Limited Partnership.<br><br>            Plaintiff<br><br>vs.<br><br>ALDER HOLDINGS, LLC, a Utah Limited Liability Company; ALARM PROTECTION TECHNOLOGY, LLC, a Utah Limited Liability Company; ALARM PROTECTION TECHNOLOGY ALASKA, LLC, a Utah Limited Liability Company; and ALARM PROTECTION ALASKA, LLC, a Utah Limited Liability Company,<br><br>            Defendants. | Case No. 3:13-cv-00102-SLG<br><br>**AMENDED COMPLAINT.**<br><br>**Causes of Action:**<br>  1. **Violation of 15 USC 1125,** *et seq.*<br>  2. **Unfair Competition under AS 45.50.47**<br>  3. **Misappropriations of Trade Secrets under AS 45.50.940**<br>  4. **Intentional Interference with Contract**<br>  5. **Defamation Per Se**<br>  6. **Defamation Per Quod**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through its undersigned counsel, and for its causes of action against Defendants, alleges and complains as follows:

## PARTIES

1. Plaintiff Security Alarm Financing Enterprises, L.P. ("SAFE") is a limited partnership formed under the laws of the State of California with its principal place of business in San Ramon, California. For more than 20 years, SAFE has been in the business of selling, installing, servicing and monitoring residential and commercial security alarm systems throughout the United States and Canada. SAFE is duly authorized to and is doing business in the State of Alaska.

2. SAFE has trademarked several iterations of the word "SAFE" with the United States Patent and Trademark Office ("USPTO"). Among others, SAFE has trademarked the following:

   a. The word "SAFE." USPTO Registration Number 2432599.

   b. A drawing of a lighthouse above rolling waves next to the words "SAFE SECURITY." USPTO Registration Number 3346190.

   c. The words "SAFE SERVICE." USPTO Registration Number 3109607.

   d. A drawing of a large, black "S" behind a lighthouse. USPTO Registration Number 2939036.

   e. The words "SAFE FINANCIAL." USPTO Registration Number 2852346.

   f. A drawing of a large, white "S" behind a lighthouse. USPTO Registration Number 2505890.

Within the security alarm industry "SAFE" is commonly understood to refer to Plaintiff.

3. Defendant Alarm Protection Alaska, LLC ("AP Alaska") is a limited liability company formed under the laws of the State of Utah with its principal place of business in Anchorage, Alaska. AP Alaska is in the business of monitoring residential and commercial security alarm systems in Alaska and potentially other states.

4. Defendant Alarm Protection Technology Alaska, LLC ("APT Alaska") is a Utah

limited liability company with its principal place of business in Anchorage, Alaska. APT Alaska is in the business of monitoring residential and commercial security alarm systems in Alaska and potentially other states.

5. Alarm Protection Technology, LLC ("APT Utah") is a Utah limited liability company with its principal place of business in Utah. APT Utah is in the business of monitoring residential and commercial security alarm systems in Alaska and potentially other states.

6. Alder Holdings, LLC is a Utah limited liability company with its principal place of business in Utah. Alder is the alter ego of APT Utah, APT Alaska, and AP Alaska. All of APT's customer services employees now work for Alder. All of APT's information technology employees now work for Alder. All of APT's executive staff now works for Alder. Alder uses the same office space that APT used. Alder manages APT's accounts without any written agreement between the two. Alder collects the money that is generated by APT's accounts. In fact, 78 different "Alarm Protection" entities were created so that if one entity was sued, that entity could transfer all of its assets to another entity prior to claiming bankruptcy. APT currently has no employees.

7. Whenever reference in this Complaint is made to any act or transaction of any Defendant, such allegation shall also include the principals, officers, directors, employees, agents and representatives of that Defendant, who committed, knew of, performed, authorized, ratified and directed such acts or transactions on behalf of that Defendant while actively engaged in the scope of their duties.

8. At all times mentioned herein, each of the Defendants herein were and acted as the agents, servants and employees of their co-defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as such agents, servants and employees and with the permission and consent of their Co-Defendants.

## JURISDICTION AND VENUE

9. Jurisdiction over this action is vested in this Court through 28 USC § 1331, 28 USC § 1332, and 28 USC § 1367(a). SAFE has incurred damages exceeding $75,000 exclusive

of interest and costs.

10. Venue is proper in this District under 28 USC § 1391 because one or more Defendants reside in this District and a substantial amount of the events or omissions giving rise to the claim occurred in this District.

### SAFE'S ALASKA LOSSES

11. The primary way SAFE acquires customers is by purchasing customer accounts from other security alarm monitoring companies. In February 2013, SAFE purchased more than 34,000 monitoring accounts from Pinnacle Security, LLC, Pinnacle Security CA, LP and First Pinnacle Alarm (Canada), Inc. (collectively "Pinnacle"). SAFE paid on average $1,300 per account. Of the accounts purchased from Pinnacle, approximately 1,300 are located in Alaska. The accounts purchased from Pinnacle are the only accounts SAFE has in Alaska.

12. Historically, SAFE experiences a 12 percent annualized attrition rate on its accounts. In or about the beginning of April 2013, SAFE began receiving cancellation requests from its Alaska customers, and as of May 31, 2013 is experiencing an annualized attrition rate of approximately 90 percent on these accounts.

13. A number of SAFE's Alaska customers requested cancelation using 3x5 cards, that were substantially similar in appearance, form and content, indicating they were prepared by the same person, though separately signed by each customer. Each 3x5 card was handwritten and contained substantially the same wording: "Cancel my alarm, stop auto drafting my account, and send my final bill for 75 percent of the remaining balance of contract." Except for the signature, the handwriting and formatting on these cards is the same for each customer.

14. Another group of SAFE's Alaska customers requested cancelation using unlined 8½ x 11 sheets of paper that were substantially similar in appearance, form and content, indicating they were prepared by the same person, though separately signed by each customer. Each 8½ x 11 sheet of paper was handwritten and contained substantially the same wording: "Please cancel my alarm service and do not bill me further. Please send me a final balance." Except for the signature, the handwriting and formatting on these 8½ x 11 sheets of paper is the

same for each customer.

15. Based on the unusually high cancellation rate, the similarities of the 3x5 cards and the similarities of the unlined 8½ x 11 sheets of paper, SAFE became concerned that it was the victim of systematic poaching by another alarm company and began an investigation.

16. SAFE is informed and believes and thereon alleges that APT has induced SAFE's customers to request cancellation of their contracts as follows:

    a. APT improperly created and maintains a website in which it prominently features the word SAFE in a way that is intended to and has the effect of confusing customers and potential customers into believing that APT is affiliated with SAFE:

        i. APT maintains the domain name "www.aptsafe.com." That website re-routes any individual who clicks on it to APT's website at www.alarmprotectionusa.com.

        ii. APT's website contains metadata designed and intended to and which has the effect of listing APT's name as "Alarm Protection Technology Safe" in response to internet search engine queries.

    b. APT improperly obtained and/or retained a copy of the SAFE's confidential, proprietary customer list and improperly used information on that list to target SAFE's customers:

        i. The accounts SAFE acquired from Pinnacle were documented on a confidential, proprietary customer list created by Pinnacle and transferred to SAFE. This customer list contains information not available to the general public, such as details about each customer's security system.

        ii. SAFE is informed and believes and thereon alleges that Pinnacle took reasonable steps to safeguard and protect this customer list from unauthorized access and disclosure. SAFE has and continues to maintain the confidentiality of this customer list by keeping it solely in an encrypted

> > electronic form and limiting access to it to authorized SAFE personnel only.
>
> > iii. SAFE is informed and believes that APT employees who were formerly employed by Pinnacle improperly obtained and retained copies of the customer list sold to SAFE and have unlawfully used this list to target SAFE's customers and induce those customers to cancel and/or breach their contracts with SAFE.
>
> c. APT has falsely represented to SAFE's customers that:
>
> > i. SAFE has gone out of business;
> > ii. SAFE assigned SAFE customer accounts to APT; and
> > iii. SAFE could not adequately monitor the customer's alarm.
>
> d. APT unlawfully offered to pay SAFE customers to breach their contracts with SAFE.

17. SAFE demanded in writing that APT cease and desist from the wrongful conduct described above, and specifically demanded that APT stop using the customer list to target SAFE's Alaska customers, that APT stop making misrepresentations about SAFE, and that APT stop offering money to SAFE's customers to breach their contracts with SAFE. APT rejected SAFE's demands and continues to engage in the alleged wrongful conduct.

18. As a direct result of APT's unlawful conduct and interference with SAFE's contracts with its customers, SAFE has been damaged in that, among other things, it has lost its investment in the acquisition of accounts from Pinnacle; it has lost current and future revenue from the cancelled monitoring contracts; it has suffered injury and harm to its reputation and incurred costs to mitigate against such injury and harm. SAFE's damages exceed $75,000 exclusive of interest and costs.

## FIRST CAUSE OF ACTION

(*Violations of 15 USC § 1125(a)(1) – Against All Defendants*)

19. SAFE realleges paragraphs 1 through 18 inclusive as though set forth in full.

20. APT is engaged in interstate commerce.

21. APT's conduct in selling its goods and services are wrongful and deceptive to SAFE's customers and potential customers.

22. APT's statements to SAFE's customers and potential customers were false when made and continue to be false, and were made with the intent to deceive SAFE's customers and potential customers regarding the relationship between SAFE and APT.

23. APT's conduct and false statements have caused confusion among SAFE's customers and potential customers and will continue to do so if these statements continue to be made.

24. SAFE has been and will continue to be damaged as a result of APT's conduct and misrepresentations as herein alleged, by the disruption of SAFE's relationship with its customers, by the diversion of SAFE's customers to the defendants, by the unauthorized disclosure of confidential information relating to SAFE's customers, and by the damage to the reputation and goodwill of SAFE as a provider of security monitoring services in an amount exceeding $75,000, exclusive of interest and costs.

25. SAFE is entitled to an injunction pursuant to 15 USC § 1116(a) barring the Defendants from further violations of 15 USC § 1125(a).

26. SAFE is entitled to treble damages, disgorgement of Defendants' profits, attorney's fees and costs of suit pursuant to § 15 USC 1117(a).

**WHEREFORE**, SAFE prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(*Unfair Competition under Alaska Stat. § 45.50.471 – Against All Defendants*)

27. SAFE realleges paragraphs 1 through 18 inclusive as though set forth in full.

28. APT is engaged in commerce in Alaska and other locations.

29. APT's actions have and continue to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, and SAFE's affiliation or association with or certification of the Defendants' goods or services.

Amended Complaint
Page 7 of 11

*SAFE v. APT, et al.*
Case No. 3:13-cv-00102-SLG

Case 3:13-cv-00102-SLG   Document 301   Filed 09/12/16   Page 7 of 12

30. APT has disparaged SAFE's goods and services by making false statements and misleading representations of fact.

31. APT has engaged in conduct that created a likelihood of confusion or of misunderstanding which damaged SAFE in connection with the sale of its goods or services.

32. APT has used or employed deception, fraud, false pretense, false promise, misrepresentation, and knowingly concealed, suppressed, or omitted a material fact or material facts with the intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of their goods or services.

33. APT misrepresented the authority of its salesmen, representatives, or agents to negotiate the final terms of SAFE's contracts with its customers.

34. APT performed the unfair and deceptive practices while engaged in commerce.

35. As a result of APT's violations of Alaska Stat. § 45.50.417, SAFE has suffered damages in an amount to be determined at trial exceeding $75,000, exclusive of interest and costs. SAFE is entitled to treble its damages and its reasonable attorneys' fees pursuant to Alaska Stat. § 45.50.531(a).

**WHEREFORE**, SAFE prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

*(Misappropriation of Trade Secrets under Alaska Stat. § 45.50.940*

*– Against All Defendants)*

36. SAFE realleges paragraphs 1 through 18 inclusive as though set forth in full.

37. The customer list is a trade secret of SAFE.

38. APT knows or should know that the customer list is proprietary and has significant value to SAFE.

39. APT acquired this customer list through improper means.

40. APT has disclosed and otherwise appropriated the contents of this customer list without the express or implied consent of SAFE, and did so knowing this customer list was acquired by improper means.

Amended Complaint *SAFE v. APT, et al.*
Page 8 of 11 Case No. 3:13-cv-00102-SLG

Case 3:13-cv-00102-SLG Document 301 Filed 09/12/16 Page 8 of 12

41. As a result of the Defendants' violations of Alaska Stat. § 45.50.940, SAFE has suffered damages in an amount to be determined at trial exceeding $75,000, exclusive of interest and costs.

**WHEREFORE**, SAFE prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

*(Intentional Interference with Contract – Against All Defendants)*

42. SAFE realleges paragraphs 1 through 18 inclusive as though set forth in full.

43. SAFE had contracts with numerous customers in Alaska.

44. APT knew about these contracts, and intended to and did induce SAFE customers to breach their contracts with SAFE by engaging in the conduct and making the misrepresentations alleged above.

45. APT's conduct was undertaken in conscious disregard or with reckless indifference to the interests and rights of SAFE.

46. As a result of Defendants' actions herein alleged, SAFE has suffered damages in an amount to be determined at trial exceeding $75,000, exclusive of interest and costs.

**WHEREFORE**, SAFE prays for relief as set forth below.

## FIFTH CAUSE OF ACTION

*(Defamation Per Se – Against All Defendants)*

47. SAFE realleges paragraphs 1 through 18 inclusive as though set forth in full.

48. The customers who heard APT's false and misleading statements as hereinabove alleged understood the statements to be about SAFE.

49. The statements were and are false, and APT knew and knows those statements were false, or at the very least APT failed to use reasonable care to determine whether the statements were true or false. Regardless, APT's conduct was undertaken with reckless indifference to the interests and rights of SAFE.

50. As a result of APT's actions herein alleged, SAFE has suffered damages in an amount to be determined at trial exceeding $75,000, exclusive of interest and costs.

**WHEREFORE**, SAFE prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION

*(Defamation Per Quod – Against All Defendants)*

51. SAFE realleges paragraphs 1 through 18 and 47 through 50 inclusive as though set forth in full.

52. The customers who heard these statements understood the statements to be about SAFE, and were encouraged by these statements to disassociate with SAFE.

53. The statements made by APT were and are false, and APT knew and knows these statements were false, or at the very least APT failed to use reasonable care to determine whether the statements were true or false. Regardless, APT's conduct was undertaken with reckless indifference to the interests and rights of SAFE.

54. As a result of APT's actions herein alleged, SAFE has suffered damages in an amount to be determined at trial, but more than $75,000, exclusive of interest and costs.

**WHEREFORE**, SAFE prays for relief as follows:

(a) For injunctive relief;

(b) For compensatory damages;

(c) For lost profits;

(d) For disgorgement of illegally obtained profits;

(e) For treble damages;

(f) For punitive damages;

(g) For reasonable attorneys' fees SAFE has and will incur in bringing and maintaining this action;

(h) For all costs, expenses and fees SAFE has and will incur in bringing and maintaining this action;

(i) Prejudgment interest; and

(j) Such other relief as the Court finds appropriate.

Dated: September 12, 2016

                GREENAN, PEFFER, SALLANDER & LALLY, LLP

                By: /s/ Kyle G. Kunst_____
                    Robert L. Sallander, Jr.
                    Kyle G. Kunst

                    CLAYTON &DIEMER, LLC
                    Alfred Clayton, Jr.

                *Attorneys for Security Alarm Financing Enterprises, LP*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

                By: /s/ Kyle G. Kunst_____
                    Robert L. Sallander, Jr.
                    Kyle G. Kunst

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of September, 2016, a copy of the foregoing document was served electronically on:

James A. Torgerson
Kevin Cuddy
STOEL RIVES LLP
501 L Street, Suite 500
Anchorage, AK 99501

Erik A. Olson
Jason R. Hull
Marshall Olson & Hull, P.C.
10 Exchange Place, Suite 350
Salt Lake City, Utah 84111

K. Adam Christian Jr.
350 West 800 North, Suite 305
Salt Lake City, UT 84103

                                                  /s/ Kyle G. Kunst