**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

SECURITY ALARM FINANCING
ENTERPRISES, L.P., a California Limited
Partnership,

       Plaintiff,

   v.

ALARM PROTECTION TECHNOLOGY,
LLC, a Utah Limited Liability Company;
ALARM PROTECTION TECHNOLOGY
ALASKA, LLC, a Utah Limited Liability
Company; ALARM PROTECTION ALASKA,
LLC, a Utah Limited Liability Company; and
ALDER HOLDINGS, LLC, a Utah Limited
Liability Company,

       Defendants.

Case No. 3:13-cv-00102-SLG

## <u>ORDER RE MOTION FOR SPOLIATION SANCTIONS</u>

   Before the Court is Defendant Alarm Protection Technology's Motion for Spoliation

Sanctions at Docket 236.  The motion has been fully briefed;[1] oral argument was held on

September 30, 2016.[2]

### BACKGROUND

   This motion comes after several years of litigation between two home security

companies, Security Alarm Financing Enterprises, L.P. ("SAFE") and Alarm Protection

Technologies, LLC[3] ("APT").  In June 2013, SAFE filed its complaint alleging that APT

had illegally "poached" its customers and defamed SAFE.[4]  In August 2013, APT filed its

---

[1] *See* Docket 238 (APT's Mem.); Docket 254 (SAFE's Opp.); Docket 261 (APT's Reply).

[2] *See* Docket 322 (Minutes).

[3] The Court will use APT to refer collectively to all Defendants.

[4] Docket 1.  SAFE later filed an amended complaint to add a related party.  *See* Docket 297

answer and counterclaim alleging that SAFE had tortuously interfered with APT's

contractual relationships and defamed APT.[5]  The present motion arises from the alleged

spoliation of evidence: SAFE had recorded all of the calls that came into its call center,

but when APT sought in discovery to obtain the recordings of SAFE's calls with its Alaska-

based customers, it became apparent that nearly all of the recordings had been

overwritten pursuant to SAFE's database's overwriting process.[6]  Indeed, it appears that

SAFE selectively preserved fewer than 150 of the "thousands" of recordings it had, and

that these preserved recordings are generally favorable to SAFE.[7]  APT contends that

this loss of the recordings of all the other phone calls entitles it to sanctions against SAFE.

## DISCUSSION

Before the Court can address the merits of APT's motion, it must answer two

preliminary questions: First, is the motion timely?  And, second, if it is timely, does the

newly revised or the former version of Federal Rule of Civil Procedure 37 apply?

SAFE asserts that the motion is untimely because it was filed three months after

the close of fact discovery, instead of immediately after APT learned of the underlying

facts.[8]  APT counters that the motion was filed well before the motion deadline, and just

---

(Order granting motion to file amended complaint); Docket 301 (First Amended Complaint).

[5] *See* Docket 17 at 8-11.

[6] SAFE also maintained recordings of calls made by an outside agency.  Those calls are not the subject of this order or APT's motion; this order concerns only recordings of calls to and from SAFE's call center.  *See* Docket 240 (Hull Decl.) at ¶ 10; Docket 238 at 5 n.12.

[7] *See* Docket 240 (Hull Decl.) at ¶ 8 (detailing SAFE's production and noting that the 150 calls appear to have been "initiated to obtain evidence for this lawsuit" and not in the ordinary course of business).

[8] Docket 254 at 9-10.

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 2 of 16

one month after SAFE finally admitted that the recordings had been erased.[9]  The Court does not find the motion untimely; a party need not file a motion at the first inkling of spoliation but is entitled to gather evidence—such as discovery responses[10]—before filing a motion.  And SAFE has not argued that it was prejudiced by any delay in filing.  The Court thus answers the first question in the affirmative: the motion is timely.

APT asks the Court to apply Rule 37 as it existed prior to the December 2015 revisions.  APT points out that this litigation commenced, and the underlying spoliation occurred, before the rule was amended.  Thus, they argue, it would be "unjust" to apply the revised rule.[11]

Former Rule 37(e) provided that, except in exceptional circumstances, "a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system."  The former rule carved out a safe-harbor—good-faith operation of an electronic information system—from a court's power to impose sanctions.  But upon a finding of bad faith, a court could impose whatever sanctions it deemed appropriate.[12]

New Rule 37(e) provides additional guidance and limitations to courts faced with the loss of electronically stored information ("ESI").  It provides:

---

[9] Docket 261 at 13.

[10] *See* Docket 240-9 (Pl.'s Resps. to Defs.' Fifth Disc. Req., June 6, 2016).

[11] *See* Docket 238 at 15-16.

[12] *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 985-86 (N.D. Cal. 2012); *see also* Gregory P. Joseph, Sanctions § 48(f) (2013 5th ed.).  This discretion was not wholly unbounded, of course.  *See generally Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (discussing standard for review of sanctions imposed under a district court's inherent authority).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 3 of 16

If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.[13]

Thus, under the new rule, a district court may not impose the harshest sanctions—a presumption that lost information was unfavorable, a permissive or mandatory presumption instruction to the jury, or a dismissal—unless it also finds that the spoliating party "acted with the intent to deprive another party of the information's use in the litigation." Because APT seeks these harsher sanctions, it understandably wants to avoid this higher standard.

When the Supreme Court approved the new rules and transmitted them to Congress, it ordered that they "shall take effect on December 1, 2015, and shall govern . . . , insofar as just and practicable, all proceedings then pending." Thus, to avoid the new rule, APT must show that its application would be either unjust or impracticable. It is clearly not impracticable to apply the new rule, and APT does not argue so.

APT cites to a District of Connecticut case, *Thomas v. Butkiewicus*, to support its position that it is "unjust" to apply the current rule. The Court does not find that case persuasive. The district court in *Thomas* relied on Second Circuit precedent to conclude that the old rule should apply when "the allegedly sanctionable conduct . . . occurred prior

---

[13] Fed. R. Civ. P. 37(e).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 4 of 16

to the effective date" of the amendments.[14]  But in the Second Circuit case *Thomas* relied

on, the court of appeals was clearly concerned that the amendments to Rule 11 at issue

in that case changed the type of *conduct* that was sanctionable.  The court of appeals

held: "Because the allegedly sanctionable conduct in this case occurred prior to the

effective date of the 1993 amendments, the district court was required to apply *the*

*standard of conduct* set forth in the pre-1993 Rule."[15]

It would be unjust to apply a new rule retroactively when that rule governs a party's

conduct.  But Rule 37(e) does not govern conduct; a party has the same duty to preserve

evidence for use in litigation today as before the amendments.[16]  It is not unjust to apply

the new rule when it merely limits the Court's discretion to impose particular sanctions,

especially when the motion seeking sanctions was filed after the amendment took

effect.[17]  APT argues that if SAFE had not obfuscated for so long, it would have had the

benefit of the old Rule 37.  But even if APT had filed its motion before the revised rule

took effect, any sanction would not be imposed until trial, well after the revision of the

rules, and so it would still be just to apply the revised Rule 37.[18]  The Court therefore

---

[14] *Thomas v. Butkiewicus*, 2016 WL 1718368 at *8 (D. Conn. Apr. 29, 2016) (quoting *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257 (2d Cir. 1996)).

[15] *MacDraw*, 73 F.3d at 1257 (citing *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)) (emphasis added).

[16] *See* Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment.

[17] *See, e.g.*, *Mathew Enter., Inc. v. Chrysler Group, LLC*, 2016 WL 2957133 at *3 n.40 (N.D. Cal. May 23, 2016).

[18] *Nuvasive, Inc. v. Madsen Medical, Inc.*, 2016 WL 305096 at *2-3 (S.D. Cal. Jan. 26, 2016) (granting a Rule 60(b) motion seeking amendment of an order imposing sanctions under the old Rule 37(e) based on the change in law).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 5 of 16

answers the second question in the affirmative as well, and will apply Rule 37(e) as amended in December 2015.

## I.   Spoliation

"Spoliation occurs when one destroys or materially alters evidence or fails to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[19]   Revised Rule 37(e) provides that sanctions may be appropriate if ESI that "should have been preserved" is "lost because a party failed to take reasonable steps to preserve it" and cannot be replaced.   Thus, before the Court can impose any sanction under Rule 37(e), several things must be established.   First, the ESI must be information that that party had a duty to preserve; second, there must have been a loss of that ESI because a party failed to take reasonable steps to preserve it; and third, the lost ESI must be irreplaceable.

### A.     Duty to Preserve

The duty to preserve relevant information arises when litigation becomes "reasonably foreseeable," and the party possessing the information has "'some notice that the documents [are] potentially relevant' to the litigation."[20]   "When litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry."[21]   Here, the phone recordings were apparently destroyed after SAFE had filed

---

[19] *Hynix Semiconductor Inc. v. Rambus, Inc.*, 897 F.Supp.2d 939, 975 (N.D. Cal. 2012).

[20] *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir. 2002).

[21] *Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 6 of 16

suit against APT, and after APT had asserted its counterclaims.  Litigation was not only reasonably foreseeable, but ongoing.  When SAFE initiated this lawsuit in June 2013, it should have been readily apparent to SAFE that these phone calls were "potentially relevant" to the litigation.[22]  In the exchange of letters immediately preceding this litigation, APT alleged that SAFE was defaming APT during SAFE's contacts with Alaska customers.[23]  On June 5, 2013, SAFE circulated a memorandum warning its employees not to use certain words on its calls with Alaska customers.[24]  Perhaps the strongest evidence that SAFE not only should have known but in fact did know that the recordings of phone calls with Alaska customers were potentially relevant is that SAFE flagged the existence of the recordings for APT in August 2013.  In its initial disclosures under Rule 26, SAFE noted that SAFE "maintains . . . [a]udio recordings of incoming and outgoing telephone calls with customers."[25]  The Court therefore concludes that SAFE had a duty to preserve the recordings, and that this duty arose by no later than June 5, 2013—the date SAFE warned its employees not to use certain terms when speaking with its Alaska customers.

---

[22] *Cf. Matthew Enter., Inc. v. Chrysler Group LLC*, No. 13-cv-04236-BLF, 2016 WL 2957133 at *1, 3 (N.D. Cal. May 23, 2016) (finding spoliation when litigant made "no effort" to preserve communications with customers).

[23] *See* Docket 240-4 (APT's June 3, 2013 Letter to SAFE) at 2.

[24] *See* Docket 263-3 (Ed Fong's June 5, 2013 Email to SAFE Employees).

[25] *See* Docket 256-3 (SAFE's Rule 26 Initial Disclosures) at 57.

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 7 of 16

## B. Loss of Information and Reasonable Steps to Preserve It

The parties agree that SAFE at one time possessed recordings of all of its calls with its Alaska customers and that those recordings are now lost.[26]  But to satisfy Rule 37(e), the recordings must have been lost because SAFE "failed to take reasonable steps to preserve" them."[27]  SAFE argues that it took reasonable steps to preserve the information by issuing a general litigation hold, even if that litigation hold did not encompass the lost recordings.[28]  APT argues that SAFE's failure to include the recordings within its litigation hold was unreasonable.[29]

The recordings here were apparently lost due to the normal operation of a data retention policy.[30]  "It is, of course, not wrongful for a manager to instruct his employees to comply with a valid document retention policy under ordinary circumstances."[31]  However, "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents."[32]

---

[26] *See* Docket 240-9 (SAFE's Resps. to Fifth Disc. Req.) at 8 (Req. for Admis. No. 28).

[27] Fed. R. Civ. P. 37(e).

[28] *See* Docket 254 at 7-8.

[29] Docket 261 at 7.

[30] Although this policy was apparently not formalized in writing, *see* Docket 240-9 at 6 (Req. for Prod. No. 76), it was consistently followed, *see* Docket 240-9 at 8 (Req. for Admis. No. 26).

[31] *Micron Tech.*, 645 F.3d at 1319–20 (Fed. Cir. 2011) (quoting *Arthur Andersen LLP v. United States*, 544 U.S. 696, 704 (2005)).

[32] *In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060, 1070 (N.D. Cal. 2006) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003)).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 8 of 16

SAFE cites an out-of-circuit district court case to support its contention that the scope of its litigation hold was reasonable. In that case, a plaintiff preserved information relating to "competitiveness" with a defendant, but did not preserve information relating to how "competitiveness" information was gathered in the first instance. That information only became relevant once the defendant asserted an "unclean hands" defense. The district court found that the plaintiff had no reason to anticipate such a defense at the time it deleted the records.[33] Thus, that case was not focused on whether the steps taken were reasonable so much as whether the spoliating party had notice that the information was potentially relevant when the information was lost. Here, as noted above, SAFE did have clear notice that its phone calls with Alaska customers were potentially relevant, and it had a duty to take reasonable steps to preserve those recordings. And reasonable steps were available: SAFE preserved some of its Alaska phone calls, and admits that it "had the ability to extract calls with customers in Alaska from [its] recording system to avoid such calls from being overwritten."[34] The litigation hold SAFE put in place plainly did not encompass the recordings; the scope of the litigation hold was not reasonably calculated to preserve information SAFE knew or should have known was relevant to the litigation. The Court therefore finds that the phone recordings were "lost because a party failed to take reasonable steps to preserve" them.

---

[33] *E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc.*, No. 3:09CV58, 2011 WL 1597528, at *15 (E.D. Va. Apr. 27, 2011).

[34] Docket 240-9 at 8 (Req. for Admis. No. 33).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 9 of 16

### C. Irreplaceable

The last prerequisite to a spoliation finding is that the information "cannot be restored or replaced through additional discovery."[35]  This requirement precludes a court from awarding sanctions when ESI has been lost, but, for example, the very same information is recoverable from a third party or from a back-up source.  No party has suggested that the lost call recordings are available from any other source.

In light of the foregoing, the Court finds that spoliation has occurred.  The Court will therefore consider the appropriate sanctions.

## II.   Sanctions

Rule 37(e) authorizes two tiers of sanctions for spoliation.  If there has been a finding of prejudice, the Court "may order measures no greater than necessary to cure the prejudice."  But Rule 37(e) reserves the harshest sanctions for instances where the spoliating party "acted with the intent to deprive another party of the information's use in the litigation."[36]  If the Court makes such a finding—and only if it makes such a finding— it may "presume that the lost information was unfavorable" to SAFE, "instruct the jury that it may or must presume the information was unfavorable" to SAFE, or "dismiss the action or enter a default judgment."[37]  But the Court is not required to impose any particular sanction, even if it does make such a finding.

---

[35] Fed. R. Civ. P. 37(e).

[36] Fed. R. Civ. P. 37(e)(2).

[37] Fed. R. Civ. P. 37(e)(2).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 10 of 16

A.    Intent to Deprive

SAFE has argued that sanctions are unwarranted because APT's counsel agreed that only SAFE's "investigation" recordings needed to be produced.[38]  The record does not establish that such an agreement existed.   In August 2013, SAFE disclosed the existence of "tens of thousands" of recordings and invited discussion on narrowing the scope of relevant phone calls.[39]  Almost a year later, in July 2014, and again in August, APT demanded that SAFE produce all of its recordings with Alaska-based customers.[40] SAFE's counsel, Kyle Kunst, responded to seek clarification that APT was seeking the recordings related to all Alaska customers, and not just to the "cross-over" customers.[41]

Mr. Kunst subsequently met and conferred with APT's counsel, Kevin Cuddy, by phone and email.[42]  There is little documentary evidence of these conversations or their outcome.   In his declaration, Mr. Kunst states that "[i]n mid-2014" he and Mr. Cuddy "agreed that SAFE would produce all calls made during the 'investigation period' in which SAFE was investigating its Alaska attrition rate, and which lasted from approximately March to June 2013."[43]   APT's counsel, Mr. Cuddy, acknowledges that Mr. Kunst

---

[38] See Docket 254 at 5.

[39] Docket 256-3 at 57.

[40] See Docket 264 (Cuddy Decl.) ¶ 3; Docket 264-1 (July 18, 2014 letter from Torgerson to Kunst); Docket 264 ¶ 4; Docket 264-2 (Aug. 20, 2014 letter from Torgerson to Kunst).

[41] Docket 264 ¶ 5; Docket 264-3 (Aug. 27, 2014 letter from Kunst to Torgerson).

[42] Docket 264 ¶ 7.

[43] Docket 256 (Kunst Decl.) ¶ 4.  SAFE's characterization of this agreement in its briefing is broader than Mr. Kunst's declaration.  SAFE suggests that the parties agreed that the other recordings need not be preserved.  See Docket 254 at 5.  But APT responds that SAFE's assertion that APT agreed that the other recordings need not be preserved "is simply

Case No. 3:13-cv-00102-SLG, SAFE v. Alarm Protection, et al.
Order re Motion for Spoliation Sanctions
Page 11 of 16

represented that the calls "should be limited to an 'investigation period' of several months in 2013." But Mr. Cuddy contends that "[a]t no point in time did I agree—nor did we even discuss—that only certain call recordings needed to be preserved by SAFE and that others could be discarded."[44]

The following month, APT added new counsel.[45] And in December 2014 and February 2015, SAFE produced approximately 150 recordings.[46] But in November 2015—fourteen months after the meet-and-confer at which the parties had at least discussed the scope of production—APT's new counsel, Jason Hull, asked for all the previously unproduced phone call recordings. For several months, SAFE repeatedly obfuscated on the availability of these recordings,[47] before finally and formally admitting, in June 2016, that the recordings had not been retained.[48]

Here, SAFE has preserved only a select few recordings that appear to bolster its own case. Whatever agreement may have been reached between Mr. Cuddy and Mr. Kunst in 2014, it did not absolve SAFE of its duty to preserve all information that was relevant to the ongoing litigation. SAFE asserts that "APT did not ask SAFE to retain the

---

false." Docket 261 at 7.

[44] Docket 264 at 3, ¶ 7.

[45] *See* Docket 103 (Notice of Appearance).

[46] Docket 240 (Hull Decl.) ¶ 8; *see also* Docket 264 (Cuddy Decl.) ¶ 7 (noting that following the meet-and-confer, "SAFE produced certain recordings in this case").

[47] *See, e.g.*, Docket 240-7 at 8 (Dec. 16, 2015 email from Kunst to Hull) ("We'll get you there [sic] recordings."); Docket 240-7 at 15 (Jan. 6, 2016 email from Kunst to Hull) ("SAFE has search its database. . . . It should not come as a surprise to you that alarm companies do not record every call coming in, or certain types of calls at all, or is unable to locate calls.").

[48] Docket 240-9 at 8 (Req. for Admis. No. 28).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 12 of 16

other recordings,"[49] but it was not APT's duty to ask—especially when SAFE had stated in its initial disclosures that it was maintaining all of the recordings.[50] SAFE compounded its failure to preserve the recordings when it failed to inform APT that it was not preserving them. Nonetheless, on the relatively murky record before the Court on this topic, the Court cannot conclude that when the recordings were being overwritten, SAFE "acted with the intent to deprive" APT of the recordings. From all appearances, the initial litigation hold unreasonably omitted preservation of SAFE's internal call recordings related to Alaska-based customers, but the Court is not persuaded that the failure to preserve the recordings, beginning in 2013, was done with the intent to deprive APT of the recordings.[51]

### B. Prejudice

Even if SAFE did not act with the intent to deprive APT of the recordings, sanctions may still be appropriate "upon finding prejudice," so long as those sanctions are "no greater than necessary to cure the prejudice."[52] Once spoliation is shown, "'the burden of proof logically shifts to the guilty party to show that no prejudice resulted from the spoliation' because that party 'is in a much better position to show what was destroyed and should not be able to benefit from its wrongdoing.'"[53]

---

[49] Docket 261 at 5.

[50] *See* Docket 256-3 at 57.

[51] Even if the Court had found SAFE to have acted with the intent required to impose the Rule 37(e)(2) sanctions, the Court would not have imposed those sanctions in this case. Instead, it would have imposed only those sanctions necessary to cure the prejudice to APT, as discussed in the next section.

[52] Fed. R. Civ. P. 37(e).

[53] *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012) (quoting *Hynix*

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 13 of 16

One way to defeat a claim of prejudice is to show that the information is available through other means.[54]  SAFE argues that APT is not prejudiced because (1) SAFE has produced the call notes; (2) APT knows the relevant customers and can depose each of them; and (3) most of the calls are irrelevant anyway.[55]

But both the call notes and depositions are likely to be far inferior evidence than the recordings of the calls themselves.  APT indicates that a SAFE employee making the notes would be likely to add his own gloss to the notes, and in the Court's view it is unlikely that an employee would write "I told the customer that APT is a fraud."[56]  And even if APT could track down and depose or interview the hundreds of customers that called or were called by SAFE's employees, this costly and time-consuming exercise would likely demonstrate only that those customers' recollections of what was likely a brief and unmemorable phone call are a weak substitute for the contemporaneous recordings of those phone calls.  The actual recordings would be far more accurate, and far more useful to present to a jury, than the alternatives that SAFE proposes as replacements.[57]  The Court finds that APT has been prejudiced by the spoliation.

---

*Semiconductor Inc. v. Rambus, Inc.*, 591 F. Supp. 2d 1038, 1060 (N.D. Cal. 2006), *overturned on other grounds*, 645 F.3d 1336 (Fed. Cir. 2011); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 479–80 (S.D.N.Y. 2010) (holding that a rebuttable presumption arose that prejudice resulted when documents were lost due to failure to institute a litigation hold).

[54] This is a broader inquiry than determining whether the information "can be restored or replaced" in deciding if spoliation occurred in the first instance.

[55] *See* Docket 254 (Opp.) at 8.

[56] *See* Docket 261 at 5.

[57] *See Matthew Enter., Inc. v. Chrysler Group LLC*, No. 13-cv-04236-BLF, 2016 WL 2957133 at *4 (N.D. Cal. May 23, 2016) ("The information that Stevens Creek has produced is no replacement—customer contact information and salespeople's shorthand notes are not nearly

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 14 of 16

APT is therefore entitled to a remedy "no greater than necessary to cure the prejudice."[58] The only remedies the Court may not impose are those requiring a showing of intent to deprive, discussed above. APT seeks a number of remedies: (1) attorney's fees incurred in bringing the motion; (2) an order precluding SAFE from using any of its own recordings at trial; and (3) the opportunity to present evidence of the spoliation and an instruction to the jury that it may consider that evidence.[59]

The Court agrees with SAFE that the magnitude of evidence lost—apparently thousands of calls—probably does not reflect the magnitude of prejudice. It is quite likely that many, and perhaps most, of the calls would be wholly irrelevant to this litigation. But because the recordings have been lost, we will never know for certain.

The Court has carefully considered the prejudice to APT in this case and has concluded that APT should recover its reasonable attorney's fees incurred in bringing this motion, and that SAFE should be precluded from introducing any of the approximately 150 recordings that it has provided to APT.[60] The Court will also instruct the jury that SAFE was under a duty to preserve its Alaska recordings but failed to do so. In addition, because the nature of the spoliation is necessary for the jury to assess it, the Court will permit the parties to present limited evidence and argument in this regard, consistent with

as valuable as what salespeople and customers actually said.").

[58] Fed. R. Civ. P. 37(e)(1).

[59] *See* Docket 238 at 27; Docket 236-2 (Proposed Order) at 2.

[60] However, if APT seeks to introduce any of these recordings at trial, then SAFE may seek to introduce them as well.

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 15 of 16

this order.[61]  The Court finds that these remedies should put the parties on equal footing with regard to all of SAFE's recordings, and are no greater than necessary to cure the prejudice to APT.

## CONCLUSION

Therefore, IT IS ORDERED that Defendant's Motion for Spoliation Sanctions at Docket 236 is GRANTED as follows:

(1) APT will be awarded its reasonable attorney's fees incurred in bringing this motion;[62]

(2) Neither party may introduce any recordings made to or from SAFE's call center unless pursuant to subsequent court order or stipulation of the parties;

(3) At trial, the parties may present evidence and argument related to the lost recordings consistent with this order.  APT shall not argue that the jury may or should presume that the spoliated evidence was favorable to APT;

(4) The Court will instruct the jury that SAFE was under a duty to preserve the call recordings and that it failed to do so.  The Court invites the parties to submit a proposed jury instruction consistent with this order.[63]

DATED this 6th day of December, 2016 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[61] The Court does not intend to permit extensive evidence or argument on any ancillary matters.

[62] APT shall submit an application in support of its proposed fee award within seven days of this order; SAFE may file a response within seven days thereafter.  The fee award will not be payable until the entry of final judgment in this matter.

[63] *See*, *e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 995 (N.D. Cal. 2012); *Montoya v. Orange Cty. Sheriff's Dep't*, No. SACV 11-1922 JGB, 2013 WL 6705992, at *14 (C.D. Cal. Dec. 18, 2013) (citing *Apple*, 888 F. Supp. 2d. at 995).

Case No. 3:13-cv-00102-SLG, *SAFE v. Alarm Protection, et al.*
Order re Motion for Spoliation Sanctions
Page 16 of 16