IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SECURITY ALARM FINANCING
ENTERPRISES, L.P., a California Limited
Partnership,

          Plaintiff,
   v.

ALDER HOLDINGS, LLC, a Utah Limited
Liability Company; ALARM
PROTECTION TECHNOLOGY, LLC, a
Utah Limited Liability Company; ALARM
PROTECTION TECHNOLOGY ALASKA,
LLC, a Utah Limited Liability Company;
and ALARM PROTECTION ALASKA,
LLC, a Utah Limited Liability Company,

          Defendants.

Case No.: 3:13-cv-00102-SLG

**ORDER RE DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE FOR NEW TRIAL OR TO AMEND JUDGMENT**

At Docket 706, Defendants and Counterclaimants filed a Renewed Motion for Judgment as a Matter of Law (JMOL) or in the Alternative for New Trial or to Amend Judgment. SAFE opposed at Docket 747, and Defendants replied at Docket 754. Defendants requested oral argument on the motion at Docket 755, but that was not necessary to the Court's determination.

In ruling on a motion for JMOL, "[a] jury's verdict must be upheld if it is supported by . . . evidence adequate to support the jury's conclusions, even if it is also possible to draw a contrary conclusion."[1] "[I]n entertaining a motion for judgment as a matter of

---

[1] *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 955 (9th Cir. 2011)

law, the court . . . may not make credibility determinations or weigh the evidence."[2] "And although taking a motion under submission and ruling on it after the jury returns a verdict is proper practice, . . . the court 'may not substitute its view of the evidence for that of the jury.'"[3]

Defendants assert that JMOL is warranted because SAFE "invited error in closing argument by providing a damages calculation of over 400 customers," when, in Defendants' view, SAFE proved an entitlement to damages from no more than six customers.[4] Defendants provide calculations that set forth their belief as to the basis for the jury's damages awards for each of the four claims that the jury determined.

The Court rejects this argument as a basis to set aside the jury's verdict. The Court acknowledges that it appears that the jury's verdict depended on an inference by them that Defendants' misconduct involving six customers extended to the great majority of SAFE's Alaska customers with which Defendants had contact. "That inference is not exorable, neither is it fanciful. Much legal reasoning depends on that very kind of extrapolation from limited data."[5] The Court finds that there was adequate

---

(quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008)).

[2] *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (alteration in original) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

[3] *Krechman v. Cty. of Riverside*, 723 F.3d 1104, 1110 (9th Cir. 2013) (quoting *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001)).

[4] Docket 707 at 2.

[5] *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 621 (9th Cir. 1993) (upholding trial court's damages calculation under Lanham Act, while recognizing that "[u]ndeniably the method the district court used to measure damages was somewhat crude" and depended on inferences).

3:13-cv-00102-SLG, *SAFE v. Alarm Protection*
Order re Defendants' Renewed Motion for Judgment as a Matter of Law or in the Alternative for New Trial or to Amend the Judgment
Page 2 of 4

Case 3:13-cv-00102-SLG   Document 756   Filed 07/27/17   Page 2 of 4

evidence to support the jury's damages awards, such that the motion for JMOL will be denied.

Defendants alternatively seek a new trial and/or amended judgment. They maintain that SAFE's damages should be reduced to $44,550, which is their estimation of the maximum damages that the jury could have awarded for six customers.[6] They assert that the additional sums that the jury awarded resulted in a verdict that was against the clear weight of the evidence.

Pursuant to Civil Rule 59, a court may grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court."[7] "[A] district court may not grant a new trial simply because it would have arrived at a different verdict."[8] But the Ninth Circuit has held that a new trial may be granted when "the verdict is against the clear weight of the evidence . . . or to prevent a miscarriage of justice."[9] In contrast to a motion for JMOL, when considering a motion for a new trial, "the district court has 'the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence.'"[10]

---

[6] Docket 707 at 11.

[7] FED. R. CIV. P. 59(a).

[8] *Wallace v. City of San Diego*, 479 F.3d 616, 630 (9th Cir. 2007) (alteration in original) (quoting *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001)).

[9] *Molski v. MJ Cable*, 481 F.3d 724, 729 (9th Cir. 2007).

[10] *Id.* at 729 (alterations in original) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187

3:13-cv-00102-SLG, *SAFE v. Alarm Protection*
Order re Defendants' Renewed Motion for Judgment as a Matter of Law or in the Alternative for New Trial or to Amend the Judgment
Page 3 of 4

Case 3:13-cv-00102-SLG   Document 756   Filed 07/27/17   Page 3 of 4

Here, the Court is not persuaded that the jury's verdict is against the clear weight of the evidence. Although certainly there was evidence presented at trial that supported Defendants' position, and neither party introduced the crossover list into evidence, there was also considerable evidence presented at trial that supported the jury's verdict, as summarized by SAFE in its opposition to Defendants' motion.[11] A new trial or amended judgment is not warranted.

For the foregoing reasons, Defendants' renewed motion at Docket 706 and motion for oral argument at Docket 755 are both DENIED.

DATED this 27th day of July, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

(9th Cir. 1990)).

[11] Docket 747 at 5-11.

3:13-cv-00102-SLG, *SAFE v. Alarm Protection*
Order re Defendants' Renewed Motion for Judgment as a Matter of Law or in the Alternative for New Trial or to Amend the Judgment
Page 4 of 4

Case 3:13-cv-00102-SLG   Document 756   Filed 07/27/17   Page 4 of 4